UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )   Criminal Action
                                    )   No. 16-10133-PBS
BARRY DAVIS,                        )
                                    )
            Defendant.              )
_____)

**MEMORANDUM AND ORDER**

March 15, 2017

Saris, C.J.

**INTRODUCTION**

Defendant Barry Davis is charged in a multicount Superseding Indictment alleging sex trafficking by force, fraud, and coercion in violation of 18 U.S.C. § 1591(a) and (b)(1) (Counts One, Three, Five, and Eight), sex trafficking of a minor in violation of 18 U.S.C. § 1591(a), (b)(1), and (b)(2) (Count Seven), and transportation of an individual with intent to engage in prostitution in violation of 18 U.S.C. § 2421 (Counts Two, Four, Six, and Nine).

The majority of the counts are based on alleged conduct in 2015. Counts Five, Six, and Seven are based on alleged conduct from 2001 to 2003. Davis filed a Motion for Relief from Misjoinder and/or Severance of Counts and asked the Court to conduct four trials. After a hearing, the Court **ALLOWS** the

1

motion and severs Counts Five, Six, and Seven. The Court **DENIES** the motion with respect to severing Counts Eight and Nine.

## DISCUSSION

### I. Joinder

Joinder of offenses is appropriate where they are "[1] of the same or similar character, or [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) "is generously construed in favor of joinder," in part because Fed. R. Crim. P. 14 provides a layer of protection against joinder that unduly prejudices the defendant. See United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996). In analyzing joinder, courts examine "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." United States v. Buchanan, 930 F. Supp. 657, 662 (D. Mass. 1996) (quoting United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995)).

Here, the "older counts" (Counts Five through Seven) are arguably "of the same or similar character" as the 2015 counts. All charges in the Superseding Indictment are brought under the same statutes, 18 U.S.C. §§ 1591, 2421, but the conduct alleged in Counts Five through Seven occurred at least twelve years earlier. While one of the alleged victims in Counts Five through

2

Seven is arguably similar to those in the 2015 counts, the other is a minor, and the government has not proffered a connection between the women in Counts Five through Seven and the women in the other counts. Counts Five through Seven also involve different locations (homes and brothels in 2001 through 2003 as opposed to hotels and motels in 2015) and different alleged methods (brothels in 2001 to 2003 as opposed to online ads in 2015). Davis persuasively argues that Counts Five through Seven were misjoined in light of the temporal difference from the other counts. Indeed, the government cites no case where a court found joinder proper when twelve or more years separated the charged conduct. See Docket No. 81 at 15 (citing cases affirming joinder of counts separated by three and five years).

## II. Severance

Even if offenses are properly joined, the Criminal Rules authorize severance of counts "[i]f the joinder of offenses . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a). As relevant here, Rule 14 allows severance if "proof that [the] defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense . . . ." United States v. Jordan, 112 F.3d 14, 16 (1st Cir. 1997). To succeed on a motion to sever, the defendant must "make[] a strong and convincing showing of prejudice." United States v.

3

Richardson, 515 F.3d 74, 81 (1st Cir. 2008) (internal citations omitted). "Garden variety prejudice, however, will not, in and of itself, warrant severance." Id.

Davis argues that there will be "spillover prejudice" if all nine counts are tried together. See Docket No. 69 at 6. In particular, Davis states that the likelihood of spillover prejudice is high given the similarity of the bad acts charged. The government argues that evidence of the alleged conduct supporting Counts Five through Seven is admissible in a separate trial on the remaining counts. See Docket No. 81 at 17-20.

Analyzing whether "spillover prejudice" rises to the Rule 14 standard here requires determining whether evidence of Counts Five through Nine would be admissible in a trial on Counts One through Four, or vice versa. In particular, the Court must determine whether such "other bad acts" evidence is admissible under Fed. R. Evid. 404(b). Rule 404(b) provides that:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). Extrinsic evidence of prior bad acts must pass a two-part test to be admitted. See United States v. Rodriguez-Cardona, 924 F.2d 1148, 1150-51 (1st Cir. 1991).

4

First, the evidence must have "special relevance" to a contested issue, such as intent or knowledge, and it must not include bad character or propensity as a necessary link in the inferential chain. See United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000). The special relevance inquiry includes consideration of the temporal relationship between the proffered act and the degree of similarity to the crime charged. See United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011); Varoudakis, 233 F.3d at 119. Second, the evidence must withstand Federal Rule of Evidence 403, which demands that the probative value of the evidence not be substantially outweighed by the danger of unfair prejudice. See United States v. Raymond. 697 F.3d 32, 38 (1st Cir. 2012).

Davis argues that evidence of Counts Five through Seven does not have special relevance, in large part, because the alleged conduct occurred more than a decade before the other counts. See United States v. Lynn, 856 F.2d 430, 435 (1st Cir. 1988) (disagreeing that evidence of an act involving the same illicit substance as the one charged, but six years earlier, had special relevance); see also Raymond, 697 F.3d at 39 n.5 (noting favorably that the district court excluded evidence of similar conduct that occurred two years before the charged conduct).

Here, Davis asserts that he did not cause the women to engage in prostitution by coercion, force, or fraud. Even where

consent of the women is at issue, the government has not established the special relevance of admitting acts from 2001 to 2003 to show coercive intent or a coercive scheme in 2015, or vice versa. In sum, the combination of temporal differences and the fact that one of the women was a minor leads to the conclusion that there is a sufficiently plausible danger of substantial prejudice to Davis from a joint trial that includes Counts Five through Seven. The proper course is to sever Counts Five through Seven.

    The risk of spillover prejudice is far less for Counts Eight and Nine. Counts Eight and Nine allege conduct in Massachusetts and New Jersey in April 2015, whereas Counts One through Four allege conduct in Massachusetts and Connecticut in August 2015. Davis relies on geography to argue that evidence of Counts Eight and Nine would not be admissible in a trial on Counts One through Four and vice versa. See Docket No. 69 at 7–8. Although New Jersey and Connecticut are different states, the argument for special relevance is more persuasive here. Evidence of conduct, including allegations of physical abuse and withholding heroin from drug-addicted women, separated by just a few months, even in different states, can be probative of intent to coerce prostitution and a common coercive prostitution scheme. Furthermore, the probative value of such evidence is not substantially outweighed by unfair prejudice.

**ORDER**

For the foregoing reasons, the Motion for Relief from Misjoinder and/or Severance of Counts (Docket No. 69) is **ALLOWED** as to Counts Five, Six, and Seven. The motion is **DENIED** as to Counts Eight and Nine.

/s/ PATTI B. SARIS
PATTI B. SARIS
Chief United States District Judge