**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal Action No. 16-10133-PBS |
| BARRY DAVIS, | ) ) | |
| Defendant. | ) ) | |

**ORDER**

March 15, 2017

Saris, C.J.

    Defendant Barry Davis filed combined Motions in Limine under Rules 401, 403, and 404(b) of the Federal Rules of Evidence. For the reasons stated on the record at the March 10, 2017 pretrial hearing, the motion (Docket No. 88) is **DENIED** as to J.A., on the ground her testimony is intrinsic evidence.

    The motion is **ALLOWED** as to C.G. At the government's request, the Court has reviewed United States v. Gemma, 818 F.3d 23 (1st Cir. 2016), and United States v. Tavares, 705 F.3d 4 (1st Cir. 2013). Both cases are factually distinguishable. The evidence admitted in Gemma involved conduct that the named victim saw firsthand. See 818 F.3d at 36. Furthermore, the defendant in Gemma disputed the existence of a pimp-prostitute relationship, id. at 35–36, which Davis does not contest in this case. Tavares is distinguishable in that the challenged evidence

was intrinsic to the charged conspiracy in that case. See 705 F.3d at 15-16. Additionally, Tavares analyzed the evidence under Rule 403, see id., whereas this Court excludes the evidence under Rule 404(b).

The motion is **RESERVED** as to the jail calls, pending submission of transcripts of the calls the government seeks to introduce at trial.

/s/ PATTI B. SARIS
PATTI B. SARIS
Chief United States District Judge