**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                              )
UNITED STATES OF AMERICA      )
                              )
v.                            )    Criminal Action
                              )    No. 16-10133-PBS
BARRY DAVIS,                  )
                              )
            Defendant.        )
_____)

**ORDER**

March 15, 2017

Saris, C.J.

    For the reasons stated on the record at the March 10, 2017 pretrial hearing, the Motion to Dismiss (Docket No. 70) is **DENIED** as to Count Seven. See Bartkus v. People of State of Ill., 359 U.S. 121, 132 (1959); Puerto Rico v. Sanchez Valle, 136 S. Ct. 1863, 1870 (2016).

    The Motion to Dismiss (Docket No. 70) Counts Five and Six on Ex Post Facto Clause grounds is **DENIED**. See Stogner v. California, 539 U.S. 607, 618 (2003); Cruz v. Maypa, 773 F.3d 138, 145 (4th Cir. 2014); United States v. Jeffries, 405 F.3d 682, 685 (8th Cir. 2005); United States v. Grimes, 142 F.3d 1342, 1351 (11th Cir. 1998); United States v. Brechtel, 997 F.2d 1108, 1113 (5th Cir. 1993); United States v. Taliaferro, 979 F.2d 1399, 1402 (10th Cir. 1992). The Motion to Dismiss (Docket No. 70) Counts Five and Six on Due Process Clause grounds is

**DENIED** because there is no evidence that the government intentionally delayed prosecution to gain a tactical advantage. See United States v. Lovasco, 431 U.S. 783, 789–90 (1977); United States v. DeCologero, 530 F.3d 36, 78 (1st Cir. 2008) (no Due Process violation unless pre-indictment delay causes substantial prejudice to defendant's right to fair trial and prosecution intentionally delayed indictment to gain tactical advantage over the accused).

The Motion to Dismiss (Docket No. 70) Counts Five and Six on the grounds that 18 U.S.C. § 3299 is not retroactive is a difficult question, and is taken under advisement and **STAYED** pending the outcome of the first trial.

/s/ PATTI B. SARIS  
PATTI B. SARIS  
Chief United States District Judge