# EXHIBIT A

Letter to Prosecuting Attorneys

**FEDERAL PUBLIC DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
51 SLEEPER STREET, 5TH FLOOR
BOSTON, MASSACHUSETTS 02210

TELEPHONE: 617-223-8061
FAX: 617-223-8080

October 10, 2017

**VIA EMAIL**

Assistant U.S. Attorney Leah Foley
Assistant U.S. Attorney Kelly Begg Lawrence
United States Attorney's Office
One Courthouse Way
Boston, MA 02210

        RE:    United States v. Barry Davis
                  No. 16-cr-10133-PBS

Dear Attorneys Foley and Lawrence:

      I write to follow up on your recent emails regarding your position that the plea agreement allows you to argue relevant conduct, including conduct relating to uncharged and dismissed counts, in support of your argument for a 20-year sentence. I am also responding to your submission of facts to the Probation Department re-injecting those alleged victims into this case.

      In the written plea agreement, we agreed to a Guidelines calculation as follows: a base offense level of 34, to which three groups added three levels. *See* Plea Agreement, D.E. 120, at 2; U.S.S.G. § 3D1.4. These three groups represent the three victims Mr. Davis pled guilty to. *See id.* By submitting to Probation a statement of fact focused heavily on allegations regarding J.A., C.G., and the victims in dismissed Counts 5-7, you lay the groundwork for a different Guidelines calculation. Based on the statement of facts you submitted, probation found that there were five victims and five groups, resulting in a four-level increase. *See* PSR ¶¶ 34, 41; U.S.S.G. § 2G1.1 App. Note 5; *id*. § 3D1.4. That increase results in a higher GSR than the one we agreed to. Probation, accordingly, has calculated Mr. Davis' total offense level to be 35, yielding a GSR of 292-365, as opposed to a total offense level of 34 under the three-group calculation.

      As you know, Mr. Davis is entitled to specific performance of the plea agreement. The terms of the agreement are viewed "as [the defendant] reasonably understood them at the time of his plea." *United States v. Boatner*, 966 F.2d 1575, 1578 (11th Cir. 1992). Because each victim counts "as if contained" in a separate count of conviction, § 2G1.1 App. Note 5, the allegations regarding victims J.A. and C.G., as well as A.O. and N.S., have affected an end-run around the plea agreement. *See United States v. Canada*, 960 F.2d 263, 269 (1st Cir. 1992) ("*Santobello* prohibits not only 'explicit repudiation of the government's assurances, but must in the interests

of fairness be read to forbid end-runs around them'"); *United States v. Gonczy*, 357 F.3d 50, 53 (1st Cir. 2004) (the government is required to meet the most meticulous standards of both promise and performance"). In *Canada*, the government was found in breach of the plea agreement when it argued facts supporting a supervisory role enhancement, notwithstanding the fact that the plea agreement was "expressly premised on certain described calculations under the guidelines" which "nowhere included any enhancement … of Canada's offense level for the role of manager or supervisor." *Canada*, 960 F.2d at 265. So too here, our plea agreement was "expressly premised" on the Guideline calculation set forth at page 2 of the agreement. This calculation "nowhere included" an enhancement based on additional "pseudocounts." *Id.*; *United States v. Melendez-Gonzalez*, 690 F. App'x 170, 171 (5th Cir. 2017) (introducing the term "pseudocounts"). "'[T]he [government's] entire argument'" should be an endorsement of the GSR it pledged to adhere to, in exchange for Mr. Davis' waiver of rights.  *Gonczy*, 357 F.3d at 54 (quoting district judge).

In *United States v. Boatner*, the government and the defendant entered into a plea agreement specifying that the defendant was responsible for two ounces of cocaine. 966 F.2d 1575 (11th Cir. 1992). The government breached that agreement by introducing evidence, through the presentence investigation report, showing that Boatner's drug dealings involved over three kilograms of cocaine. *Id.* at 1578. The court found that even though a plea agreement does not preclude the government from disclosing pertinent information to the sentencing court, the stipulation "that only two ounces of cocaine would serve as the factual predicate for determining Boater's sentence obligate[d] the government to strict compliance." *Id*. Equally so here, the government has stipulated that the three victims Mr. Davis pled guilty to serve as "the factual predicate for determining [his] sentence," *id*. The government's introduction of conduct through the PSR arguing that J.A. and C.G., as well as A.O. and N.S., are victims is a breach of the agreement.

Our plea agreement is distinct from those which are either silent about the defendant's Guideline or expressly reserve for the government the right to argue such conduct. *See, e.g., Melendez-Gonzalez*, 690 F. App'x at 171 ("[t]he government does not breach a plea agreement by supporting enhancements based on relevant conduct when the plea agreement does not include a promise to disregard relevant conduct"); *United States v. Melendez-Gonzalez*, S.D. Tex. no. 14-cr-00497 D.E. 152 (Nov. 10, 2015) (plea agreement silent as to any applicable Guidelines calculation); *see also Cruz v. United States*, No. 15-CV-3188, 2017 WL 3070843, at *9 (N.D. Ill. July 19, 2017) (defendant admitted "that his abuse of Victims D, E, F, G, and H counts as 'relevant conduct'"); *United States v. Tyndall*, 48 F. App'x 599, 599 (8th Cir. 2002) ("According to the terms of the plea agreement, … Tyndall admitted the offense would count as relevant conduct when determining his sentence"); *United States v. Deane*, No. 3:10-CR-00033-2, 2011 WL 13124700, at *3 (W.D. Va. July 20, 2011) ("the plea agreement (and the statements given at the plea hearing) indicate that Defendant stipulated and agreed 'that all matters pertaining to any of the counts of the charging document(s) ... are relevant conduct for purposes of sentencing'"); *United States v. Ruggiero*, 100 F.3d 284, 287 (2d Cir. 1996) (in plea agreements, "the government reserved the right to 'present evidence at sentencing that [Appellants were] also involved in [additional] kidnapping[s]….'"); *United States v. Bevins*, 848 F.3d 835, 838 (8th Cir. 2017) ("[t]he plea agreement made clear [that additional occasions of molestation] '[would] be considered relevant conduct for sentencing purposes'").

Unlike these cases, our plea agreement contains a Guidelines calculation that forecloses the government's support of an alternative calculation. As it *Boatner*, it delineates the negotiated and agreed upon "extent of his culpability." *See* 966 F.2d at 1578. Any argument by the government that there is a larger universe of victims is foreclosed by the terms of the agreement. Nor was there anything at the plea colloquy putting Mr. Davis on notice that both uncharged and dismissed pseudocounts could be put back into play by the government at sentencing. *Cf. Deane*, 2011 WL 13124700, at *3.

Arguing for additional pseudocounts based on either uncharged conduct or dismissed counts breaches the letter and spirit of the plea agreement. Under binding First Circuit law, this is reversible error even if the judge expressly declines to rely on the government's recommendation at sentencing. *See Santobello v. New York*, 404 U.S. 257, 262-63 (1971), *quoted in Canada,* 960 F.2d at 271. Accordingly, Mr. Davis requests that the government object to the PSR, insofar as it uses those pseudocounts to arrive at a different guidelines calculation, and refrain from making argument regarding those alleged victims at sentencing. The government is free to argue for a 20-year sentence. It is not free to do so by arguing conduct that would serve as the basis for a Guideline enhancement that contravenes the terms of the plea agreement.

Thank you in advance.

Sincerely,

*/s/Jane Peachy*
Jane Peachy
Assistant Federal Public Defender